```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA
```

| | |
|---|---|
| JOHN MAXWELL MONTIN, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3153 |
| ) | |
| v. ) | |
| ) | |
| BILL GIBSON, CEO, DR. Y. ) | MEMORANDUM AND ORDER |
| SCOTT MOORE; DR. RAJEEN ) | |
| CHATURVEDI; and MARC ) | |
| OSTRANDER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed his complaint in this matter on July 17, 2009 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 7). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his complaint on July 17, 2009, against four Lincoln Regional Center ("LRC") employees: Bill Gibson, Dr. Y. Scott Moore, Dr. Rajeen Chaturvedi and Marc Ostrander (Filing No. 1 at CM/ECF p. 1). Plaintiff sues Gibson and Ostrander in both their individual and official capacities. (*Id*. at CM/ECF pp. 2-3.) Plaintiff sues Moore and Chaturvedi in their individual capacities only. (*Id*. at CM/ECF pp. 3-4.) Plaintiff is currently a patient at the LRC. (*Id*. at CM/ECF p. 2.)

Plaintiff alleges that defendants confiscated his laptop computer because he refused to participate in "unnecessary

treatment groups." (*Id*. at CM/ECF pp. 7-8.) Plaintiff specifically alleges that he had "treatment team" approval and a state right to possess and use his computer.[1] (*Id*. at CM/ECF p. 5.) However, plaintiff also acknowledges that the LRC treatment team can limit this right for his "personal safety and the safety of others." (*Id*.)

Plaintiff seeks punitive damages in the amount of $20,000.00 against each defendant. (*Id*. at CM/ECF pp. 13-14.) Plaintiff also seeks compensatory damages, attorneys fees and injunctive relief in the form of a court order that declares defendants' actions unconstitutional and directs them to return his computer. (*Id*. at CM/ECF pp. 10-13.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the

---

[1] The patient privilege plaintiff refers to is posted on "LRC Form 0-3A-1." (Filing No 1 at CM/ECF p. 5.)

line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. DISCUSSION OF CLAIMS**

Liberally construed, plaintiff's claims are brought pursuant to the Fourteenth Amendment to the United States Constitution. "The Fourteenth Amendment's Due Process Clause

-3-

protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 (8th Cir. 1999).

In order to constitute a liberty interest, an individual must have a legitimate claim or entitlement to the subject of the deprivation which rises to more than a unilateral hope or expectation. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). A protected liberty interest may arise from either the Due Process Clause of the United States Constitution itself, or from a state-created statutory entitlement. *Hewitt v. Helms,* 459 U.S. 460, 466 (1983), *overruled on other grounds by* *Sandin v. Conner*, 515 U.S. 472, 479-83 (1995); *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted).

Here, plaintiff alleges that an LRC policy and state law provide him with a right to possess and use computer at the LRC. (Filing No. 1 at CM/ECF p. 5.) At this stage of the proceedings, the Court will assume, without deciding, that plaintiff's right to possess and use a computer at the LRC is a

-4-

protected liberty or property interest. *See, e.g., Abbot v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994) (finding that prisoner plaintiff arguably possessed a protected liberty interest in the possession of certain property where a prison policy mandated that he be allowed to possess such property).

Although plaintiff arguably has a protected liberty or property interest in the possession of his computer, he acknowledges that the LRC treatment team can limit this interest to ensure his "personal safety and the safety of others." (Filing No. 1 at CM/ECF p. 5.) Here, it is unclear from plaintiff's complaint whether defendants removed his computer to ensure his personal safety or the safety of others. If defendants removed plaintiff's computer for safety reasons, they did not violate the LRC policy plaintiff refers to or his Due Process rights. *See, e.g., Kansas v. Hendricks*, 521 U.S. 346, 368 n.4 (1997) (concluding that states enjoy wide latitude in developing treatment regimens for mental patients). Because plaintiff has failed to allege that defendants removed his computer for impermissible reasons, reasons other than safety, his complaint fails to state a Due Process claim upon which relief can be granted. However, plaintiff shall have 30 days in which to amend his complaint to clearly allege whether defendants removed his computer to ensure his personal safety or the safety of others. Any amended complaint shall restate the allegations

-5-

of plaintiff's current complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until **September 30, 2009,** to amend his complaint and clearly state a claim upon which relief may be granted against defendants, in accordance with this Memorandum and Order. If plaintiff fails to file an amended complaint, plaintiff's claims against defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **September 30, 2009,** and dismiss if none filed.

      4.   Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 31st day of August, 2009.

>BY THE COURT:
>
>/s/ Lyle E. Strom
>_____
>LYLE E. STROM, Senior Judge
>United States District Court