IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN MAXWELL MONTIN, ) ) Plaintiff, ) ) v. ) ) BILL GIBSON, CEO, DR. Y. ) SCOTT MOORE; DR. RAJEEN ) CHATURVEDI; and MARC ) OSTRANDER, ) ) Defendants. ) ) | 4:09CV3153 ORDER |

This matter is before the Court on its own motion. On August 31, 2009, the Court entered a memorandum and order granting plaintiff leave to amend his complaint in order to state a claim upon which relief could be granted against defendants (Filing No. 8). Plaintiff filed an amended complaint on September 29, 2009 (Filing No. 13). After reviewing the amended complaint, the Court finds that plaintiff has complied with its August 31, 2009, memorandum and order and that service on defendants is now warranted.

Also pending is plaintiff's motion to appoint counsel (Filing No. 9). The Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the

court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel will be denied without prejudice.

IT IS ORDERED:

1. Plaintiff's motion to appoint counsel (Filing No. 9) is denied.

2. To obtain service of process on defendants, plaintiff must complete and return the summons form which the clerk of the court will provide. The clerk of the court shall send six (6) summons forms and six (6) USM-285 forms (for service on Gibson and Ostrander in both their official and individual capacities, and Moore and Chaturvedi in their individual capacities only) to plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the clerk of the court will sign the summons forms, to be forwarded with a copy of the amended complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and amended complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. Pro. 4 and Nebraska law

in the discretion of the Marshal.  The clerk of the court will copy the amended complaint, and plaintiff does not need to do so.

       4.   Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order plaintiff is informed for the first time of these requirements, plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

       5.   Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to that defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

       6.   The clerk of court is directed to set a pro se case management deadline in this case with the following text: "April 26, 2010:  Check for completion of service of summons."

       7.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall

keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 5th day of January, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court