IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

JOHN MAXWELL MONTIN,              )
                                  )
              Plaintiff,          )         4:09CV3153
                                  )
         v.                       )
                                  )
BILL GIBSON, CEO, DR. Y.          )     MEMORANDUM AND ORDER
SCOTT MOORE; DR. RAJEEN           )
CHATURVEDI; and MARC              )
OSTRANDER,                        )
                                  )
              Defendants.         )
_____)

This matter is before the Court on defendants' motion
to dismiss (Filing No. 24).  Plaintiff has filed a reply brief in
opposition to defendants' motion to dismiss (Filing No. 26).  For
the reasons discussed below, defendants' motion will be denied.

## *I.  BACKGROUND*

Plaintiff John Maxwell Montin ("Montin") filed this
action on July 17, 2009 (Filing No. 1).  After initial review,
the Court determined that Montin's complaint failed to state a
claim upon which relief could be granted (Filing No. 8 at CM/ECF
p. 6).  However, plaintiff was granted the opportunity to amend
(*Id*. at CM/ECF pp. 6-7).

On September 29, 2009, plaintiff filed an amended
complaint (Filing No. 13).  After reviewing the amended
complaint, the Court permitted this matter to proceed to service
(Filing No. 14) and plaintiff had until April 26, 2010, to effect
service of process on defendants (*Id*. at CM/ECF p. 2).  On

February 4, 2010, the clerk of the court issued summons for
Gibson and Ostrander in both their official and individual
capacities, and Moore and Chaturvedi in their individual
capacities only (Filing No. 15).  On February 23, 2010, the
summonses were returned as "executed."  (Filing Nos. 16, 17, 18,
19, 20, and 21.)  The summons forms were served by the United
States Marshal and each was directed to be served on defendants
at the "Lincoln Regional Center."  (Filing Nos. 16, 17, 18, 19,
20, and 21.)

On March 3, 2010, defendants filed a motion for an
extension of time to answer, which was granted (Filing Nos. 22
and 23).  On April 9, 2010, defendants filed a motion to dismiss
along with an index of evidence in support (Filing Nos. 24 and
25).  In their motion, defendants argue that plaintiff failed to
properly execute service of process on defendants (Filing No.
24).  In response, Montin argues that he properly executed
service of process upon Gibson and Ostrander in their official
capacities and that defendants voluntarily waived their objection
to personal jurisdiction by filing a motion for an extension of
time (Filing No. 26).

## II.  ANALYSIS

### A.  Service on Gibson and Ostrander in their Official Capacities

Federal Rule of Civil Procedure 4(j) requires that
service on "[a] state, a municipal corporation, or any other

-2-

state-created governmental organization[1] . . . must be served by:
(A) delivering a copy of the summons and of the complaint to its
chief executive officer; or (B) serving a copy of each in the
manner prescribed by that state's law for serving a summons or
like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).
With regard to section (B), the State of Nebraska relies upon the
following statutory language:

> The State of Nebraska, any state
> agency as defined in section
> 81-8,210, and any employee of the
> state as defined in section
> 81-8,210 sued in an official
> capacity may be served by leaving
> the summons at the office of the
> Attorney General with the Attorney
> General, deputy attorney general,
> or someone designated in writing by
> the Attorney General, or by
> certified mail service addressed to
> the office of the Attorney General.

Neb. Rev. Stat. § 25-510.02(1).

Thus, in order to serve Gibson and Ostrander in their
official capacities, Montin was required to serve the chief
executive officer of the agency or agencies which employ Gibson
and Ostrander.  Alternatively, Montin could serve summons on the
Nebraska Attorney General.  As set forth above, Montin served

---

[1] Claims against state employees in their official capacities
are claims against the state itself.  *See Parrish v. Luckie*, 963
F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their
official capacity are just another method of filing suit against
the entity. . . .") (quotations omitted).  Thus, service must be
effected as though the action is against the state.

-3-

Gibson and Ostrander through the United States Marshal by
delivering a copy of the summons and Amended Complaint to the
"Administrative Office at the Lincoln Regional Center."  (Filing
Nos. 16, 17, 18 and 19.)  Montin therefore failed to properly
serve Gibson and Ostrander in their official capacities.

**B.   Service in Defendants' Individual Capacities**

As set forth in Federal Rule of Civil Procedure 4(e):

> Unless federal law provides
> otherwise, an individual — other
> than a minor, an incompetent
> person, or a person whose waiver
> has been filed — may be served in a
> judicial district of the United
> States by:
>
> (1) following state law for
> serving a summons in an action
> brought in courts of general
> jurisdiction in the state where the
> district court is located or where
> service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the
> summons and of the complaint to the
> individual personally;
>
> (B) leaving a copy of each at
> the individual's dwelling or usual
> place of abode with someone of
> suitable age and discretion who
> resides there; or
>
> (C) delivering a copy of each
> to an agent authorized by
> appointment or by law to receive
> service of process.

Fed. R. Civ. P. 4(e).  Again, Montin served each defendant
through the United States Marshal by delivering a copy of the
summons and amended complaint to the "Administrative Office at
the Lincoln Regional Center."  (Filing Nos. 16, 17, 18, 19, 20,
and 21.)  Montin does not argue or dispute that he failed to
comply with Rule 4(e) in serving defendants in their individual
capacities (Filing No. 26).  Rather, he argues that defendants
waived their objection to personal jurisdiction by filing a
motion for extension of time (*Id*. at CM/ECF pp. 3-5).  The Court
disagrees.

     Federal Rule of Civil Procedure 12 provides that
objections to personal jurisdiction must be raised in a party's
first responsive pleading or by motion before the responsive
pleading is filed.  Fed. R. Civ. P. 12(h).  Defendants raised the
lack of personal jurisdiction in their first responsive pleading,
their motion to dismiss (Filing No. 24).  Defendants' motion for
extension of time to answer is not a responsive pleading and
defendants' failure to object to jurisdiction in that motion did
not waive their objection to a lack of personal jurisdiction.
*See United States v. 51 Pieces of Real Property, Roswell, N.M.,
17 F.3d 1306, 1314 (10th Cir. 1994)* (noting that a motion to
extend the time for filing a responsive pleading does not waive
the defense of lack of personal jurisdiction); *S & D Trading
Academy, LLC v. AAFIS, Inc., No. G-06-739, 2007 WL 3220167, at *5*

-5-

(S.D.Tex. Oct. 26, 2007) (holding that the defendant's motion for extension of time to answer did not waive the objection to personal jurisdiction).  In light of this, Montin has also failed to properly serve defendants in their individual capacities.

"While a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, . . . especially where justice demands and prejudice would not result to the improperly served parties." *McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted).  As set forth above, service on defendants was improper.  However, the Court will grant Montin an additional 30 days in which to effect service of process on defendants.  Montin is cautioned that he must comply with the Federal Rules of Civil Procedure in serving defendants. Failure to properly serve defendants within 30 days will result in the dismissal of the claims against defendants.

IT IS ORDERED:

1.  Defendants' motion to dismiss (Filing No. 24) is denied.

2.  Plaintiff shall have until July 5, 2010, in which to properly serve defendants.

3.  To obtain service of process on defendants, plaintiff must complete and return the summons forms which the clerk of the court will provide.  The clerk of the court shall

-6-

send FIVE (5) summons forms and FIVE (5) USM-285 forms (four summons forms for service on each defendant in their individual capacity, and one summons form for service on Gibson and Ostrander in their official capacities at either the Nebraska Attorney General's office or on the CEO of the Lincoln Regional Center) to plaintiff together with a copy of this memorandum and order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court.  In the absence of the forms, service of process cannot occur.

4.   Upon receipt of the completed forms, the clerk of the court will sign the summons forms, to be forwarded with a copy of the amended complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and amended complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The clerk of the court will copy the amended complaint, and plaintiff does not need to do so.

5.   The clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**July 5, 2010**:  Check for completion of service of summons."

6.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff

-7-

shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

      DATED this 3rd day of June, 2010.

              BY THE COURT:

              /s/ Lyle E. Strom
              _____
              LYLE E. STROM, Senior Judge
              United States District Court