IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| BILL GIBSON, CEO, DR. Y. SCOTT MOORE; DR. RAJEEN CHATURVEDI; and MARC OSTRANDER, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on plaintiff's motion for stay and evidentiary hearing (Filing No. 41). The Court liberally construes this motion as a motion to reconsider its September 8, 2010, Memorandum and Order. For the reasons discussed below, plaintiff's motion will be granted.

## I. BACKGROUND

Plaintiff John Maxwell Montin ("Montin") filed this action on July 17, 2009 (Filing No. 1). After initial review, the Court determined that Montin's complaint failed to state a claim upon which relief could be granted (Filing No. 8 at CM/ECF p. 6). However, the Court granted Montin the opportunity to amend. (*Id*. at CM/ECF pp. 6-7.)

On September 29, 2009, Montin filed an amended complaint (Filing No. 13). After reviewing the amended complaint, the Court permitted this matter to proceed to service (Filing No. 14). The Court gave Montin until April 26, 2010, to

effect service of process on defendants. (*Id*. at CM/ECF p. 2.) On February 4, 2010, the clerk of the court issued summons for Bill Gibson ("Gibson") and Marc Ostrander ("Ostrander") in both their official and individual capacities, and Y. Scott Moore ("Moore") and Rajeen Chaturvedi ("Chaturvedi") in their individual capacities only (Filing No. 15). On February 23, 2010, the summonses were returned as "executed." (Filing Nos. 16, 17, 18, 19, 20, and 21.) The summons forms were served by the United States Marshal and each was directed to be served on defendants at the "Lincoln Regional Center." (Filing Nos. 16, 17, 18, 19, 20, and 21.)

On April 9, 2010, defendants filed a motion to dismiss, along with an index of evidence in support (Filing Nos. 24 and 25). In their motion, defendants argued that Montin failed to properly execute service of process on defendants (Filing No. 24). In addressing this motion, the Court determined that Montin had failed to properly serve defendants in both their individual and official capacities (Filing No. 27). However, the Court denied defendants' motion to dismiss and gave Montin an additional 30 days in which to effect service of process on defendants. (*Id*. at CM/ECF pp. 4, 6.) In doing so, the Court warned Montin that failure to properly serve defendants by the Court's deadline would result in the dismissal of his claims. (*Id*. at CM/ECF p. 6.)

-2-

On July 27, 2010, defendants filed a second motion to dismiss (Filing No. 37). In their motion, defendants stated that Montin perfected service upon Gibson in both his individual and official capacity and Ostrander in his official capacity only (Filing No. 37 at CM/ECF p. 1). However, defendants also argued that Montin failed to serve Moore, Chaturvedi and Ostrander in their individual capacities. (*Id*. at CM/ECF pp. 1-2.) Plaintiff did not respond, and on September 8, 2010, the Court dismissed plaintiff's individual capacity claims against Moore, Chaturvedi and Ostrander (*See* Filing No. 39).

On September 22, 2010, plaintiff filed a motion for stay and evidentiary hearing (Filing No. 41). In his motion, plaintiff asks the Court to stay its September 8, 2010, Memorandum and Order because defendants wrongfully prevented service of process by the United States Marshal. (*Id*.) Plaintiff also requests an evidentiary hearing to prove that defendants did not notify him that they filed a second motion to dismiss. (*Id*.)

## *II.  ANALYSIS*

The Court liberally construes plaintiff's motion for stay and evidentiary hearing as a motion to reconsider its September 8, 2010, Memorandum and Order. In its September 8, 2010, Memorandum and Order, the Court granted defendants' motion to dismiss and dismissed plaintiff's individual capacity claims

-3-

against Moore, Chaturvedi and Ostrander because plaintiff failed to effect service of process (Filing No. 39). As discussed above, plaintiff failed to respond to defendants' motion to dismiss. (*See* Docket Sheet.) However, plaintiff now asserts that he never received notice that defendants filed a motion to dismiss (Filing Nos. 41 and 42).

Contrary to plaintiff's assertion, the record before the Court shows that defendants' attorney mailed plaintiff a copy of the second motion to dismiss on July 27, 2010 (Filing No. 37 at CM/ECF pp. 2-3). Nevertheless, defendants have not responded to plaintiff's motion. (*See* Docket Sheet.) In light of this, and plaintiff's sworn assertion, the Court finds that plaintiff has demonstrated excusable neglect for his failure to respond to defendants' motion to dismiss. Accordingly, the Court will reconsider its September 8, 2010, Memorandum and Order.

In reconsidering its September 8, 2010, Memorandum and Order, the Court may refuse to dismiss plaintiff's claims against Moore, Chaturvedi and Ostrander if plaintiff shows good cause for his failure to effect service of process. Fed. R. Civ. Pro. 4(m). As a patient confined in the Lincoln Regional Center, plaintiff is entitled to rely on the United States Marshal to effect proper service. However it is plaintiff's responsibility to provide the Marshal with sufficient information with which to effect service. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th

Cir.1994), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). The United States Marshal's failure to effect service, through no fault of the plaintiff, can constitute good cause for a plaintiff's failure to effect timely service within the meaning of Rule 4(m). *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir. 2009). Indeed, once a defendant is identified, it is up to the Marshal to use reasonable efforts to locate that defendant. *See* Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990).

Here, plaintiff directed the United States Marshal to serve Moore, Chaturvedi and Ostrander in their individual capacities at "801 W. Prospector Pl. & Folsom, Lincoln, NE 68522." (Filing Nos. 31, 33, and 34.) He also instructed the Marshal that only the defendants themselves were authorized to "sign for summons." (*Id*.) Despite this instruction, a security specialist at the Lincoln Regional Center, who was not designated to receive service of process for defendants in their individual capacities, signed the summons forms. (*Id*; Filing No. 38.)

Overall, it is unclear what steps the United States Marshal took to serve Moore, Chaturvedi and Ostrander. Therefore, defendants shall have 30 days to supplement the record with information to show what steps the United States Marshal took to locate Moore, Chaturvedi and Ostrander. The Court will then address whether to provide plaintiff with a third

opportunity to serve Moore, Chaturvedi and Ostrander in their individual capacities.

IT IS ORDERED:

1. Plaintiff's motion for stay and evidentiary hearing (Filing No. 41), construed as a motion to reconsider, is granted.

2. Defendants shall have until December 6, 2010, to supplement the record with information to show the steps that the United States Marshal took to locate Moore, Chaturvedi and Ostrander.

3. After defendants have filed their supplement, plaintiff shall have 14 days to respond.

4. This case shall continue to proceed in accordance with the Court's September 13, 2010, Progression Order.

DATED this 8th day of November, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.