IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| BILL GIBSON, CEO, DR. Y. SCOTT MOORE; DR. RAJEEN CHATURVEDI; and MARC OSTRANDER, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on its own motion. On September 8, 2010, the Court granted defendants' Motion to Dismiss and dismissed plaintiff's individual capacity claims against Scott Moore ("Moore"), Rajeen Chaturvedi ("Chaturvedi") and Marc Ostrander ("Ostrander") because plaintiff failed to properly serve these defendants in their individual capacities (Filing No. 39). Thereafter, plaintiff filed a Motion for Stay, which the Court liberally construed as a motion to reconsider its September 8, 2010, Memorandum and Order (Filing Nos. 41 and 43). In his Motion, plaintiff argued that defendants wrongfully prevented service of process by the United States Marshal (Filing No. 41).

On November 8, 2010, the Court granted plaintiff's Motion to Reconsider and directed defendants to supplement the record with information to show the steps that the United States Marshals took to locate Moore, Chaturvedi and Ostrander (Filing

No. 43). Defendants have complied with the Court's Memorandum and Order and have no objection to providing plaintiff with an additional opportunity to serve Moore, Chaturvedi and Ostrander (Filing Nos. 44 and 45). Accordingly, the Court will grant plaintiff one last opportunity to serve Moore, Chaturvedi and Ostrander in their individual capacities.

IT IS ORDERED:

1) To obtain service of process on defendants, plaintiff must complete and return the summons forms which the clerk of the court will provide. The clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms to plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

2) Upon receipt of the completed forms, the clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The clerk of the court will copy the Amended Complaint, and plaintiff does not need to do so.

3) Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, the Court is extending this deadline and providing plaintiff with additional time to complete service of process.

4) Plaintiff is hereby notified that failure to obtain service of process on a defendant by April 28, 2011, may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

5) The clerk of the Court is directed to cancel the progression order deadlines set in the Court's September 13, 2010, Order Setting Schedule for Progression of Case (Filing No. 40). A separate progression order may be entered after plaintiff has an opportunity to serve defendants Moore, Chaturvedi and Ostrander in their individual capacities.

6) The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times

while this case is pending.  Failure to do so may result in dismissal.

        DATED this 22nd day of March, 2011.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.