IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| BILL GIBSON, CEO, DR. Y. SCOTT MOORE; DR. RAJEEN CHATURVEDI; and MARC OSTRANDER, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on plaintiff's Motion to Comply, construed as a Motion to Compel (Filing No. 60). In his motion, plaintiff asks the court to order defendants to produce several records that he believes are material to his case. (*Id*.) In response, defendants have filed a brief in Opposition and an Index of Evidence in Support (Filing Nos. 68 and 69). Plaintiff has also filed a Motion for Judicial Notice along with an Index of Evidence in Support (Filing Nos. 73 and 74). The Court will address plaintiff's Motion for Judicial Notice and then his Motion to Compel.

### *I.   Motion for Judicial Notice*

In his Motion for Judicial Notice, plaintiff asks the Court to take notice of the corresponding Index of Evidence (Filing No. 74) because it supports his Motion to Compel (Filing No. 73). In light of this request, the Court will liberally construe plaintiff's Motion for Judicial Notice as a Motion to

Supplement his Motion to Compel. The Court will grant this Motion and consider his Index of Evidence (Filing No. 74) in exploring his Motion to Compel.

### II.  *Motion to Compel*

In his Motion to Compel, plaintiff asks the Court to enter an order compelling defendants to produce the following documents:

> 1)   All "Doctor Notes" of Dr. Y. Scott Moore from his employment at the Lincoln Regional Center in 1998 to date of June 2011 pertaining to the plaintiff's treatment.
>
> 2)   All "Doctor Notes" of Dr. Louis Martin from his employment at the Lincoln Regional Center in or about 1999 to the end of his service pertaining to the plaintiff's treatment.
>
> 3)   All "Doctor Notes" of Dr. Rajeen Chaturvedi from his appointment as primary caregiver to the plaintiff pertaining to treatment under his direction to date, June 2011.
>
> 4)   All "Doctor Notes" of Dr. Klaus Hartmann from January 2007 to date of June 2011 pertaining to the evaluation and treatment of the plaintiff for the purposes of recommendations to the State District Court.
>
> 5)   All "Clinical Team" minutes from the time of Dr. Y. Scott Moore's appointment as Clinical Director of the Lincoln Regional Center sometime about January 2000 to this date of June 2011 that

-2-

> pertain to the treatment of the plaintiff. [That such records may be redacted to protect the medical information of other patients].
>
> 6)   All "Master Treatment Plans" from January 2007 to this date of June 2011 pertaining to the medical case of the plaintiff.
>
> 7)   All "Annual Reports" submitted for review before the State District Court generated by the Lincoln Regional Center from August 1993 to date of June 2011, certified as authentic and complete in number and content.
>
> 8)   The "Competency Evaluation and Report" performed and generated by the defendant Dr. Y. Scott Moore dated April 11, 1993, used later by the Lincoln Regional Center to defer diagnosis from August 1993 to or about January 1997.
>
> 9)   All patient grievances and the responses thereof filed by plaintiff at the Lincoln Regional Center since 1998.
>
> 10)  Certified copy of "Axis sheet" demonstrating present diagnostic history of the plaintiff since 1993 to date.

(Filing No. 60 at CM/ECF pp. 1-2.)  Defendants assert that these requests are irrelevant, overly broad and unduly burdensome (Filing No. 68).  Specifically, defendants state that plaintiff's requests do not have a connection to the issue in this case and would require hand searches taking at least 48 staff hours. (*Id*.)  Nevertheless, defendants have attempted to meet plaintiff

halfway by submitting a full response to request number 7 and a partial response to request number 6, agreeing to produce the documents in request number 3, providing a computer summary report to comply with request number 9, and informing plaintiff that the information sought in request number 10 was included in defendants' responses to his second set of requests for production.  (*Id*.; Filing No. 69-1, Attach. 1 at CM/ECF pp. 1-3.)

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  As a starting point, parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense --including the existence, description, nature, custody, condition, and location of any documents . . . ."  *Id*.  Relevancy is to be broadly construed for discovery issues and encompasses "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, the proponent of discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of

-4-

information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

"To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties." *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted). Here, plaintiff's claim is that defendants deprived him of personal property because he refused to participate in "unnecessary" treatment groups[1] (Filing No. 13 at CM/ECF p. 8). Evidence related to plaintiff's participation, or lack of participation, in treatment groups may be contained in doctor's notes and clinical team minutes pertaining to plaintiff's treatment. Stated another way, these documents could bear on, or could lead to other information that could bear on, plaintiff's claim. Moreover, the Court does not agree that plaintiff's request is overly broad or unduly burdensome. Plaintiff's Motion to Compel will be granted with respect to requests 1, 2, 4, 5, 6 and 8 in plaintiff's Request of Records and Other Materials.

---

[1] In contrast, defendants assert that plaintiff's personal property was removed because of a facility-wide policy change at the Lincoln Regional Center (Filing No. 60 at CM/ECF pp. 1-2).

With regard to motions to compel discovery, Federal Rule of Civil Procedure 37(a)(5)(A) provides that:

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). Although defendants failed to provide adequate discovery responses, causing plaintiff to file a Motion to Compel, the Court finds that defendants' objections were

substantially justified under the circumstances.[2] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

IT IS ORDERED:

1) Plaintiff's Motion for Judicial Notice (Filing No. 73), construed as a Motion to Supplement, is granted.

2) Plaintiff's Motion to Comply (Filing No. 60), construed as a Motion to Compel, is granted as stated in this Memorandum and Order.

3) Defendants shall have until October 7, 2011, to respond to requests 1, 2, 4, 5, 6 and 8 of plaintiff's Request of Records and Other Materials.

DATED this 21st day of September, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] The Court notes that because a pro se litigant's time working on discovery does not constitute "expenses incurred" under Rule 37, defendants would not be required to show cause why plaintiff is not entitled to attorney's fees. *See, e.g.,* *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1374-75 (Fed. Cir. 2002) (concluding that Rule 37 does not allow a pro se litigant to receive fees for his own time because "one cannot 'incur' fees payable to oneself, fees that one is not obliged to pay").

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.